# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:07-cr-00035-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Early Termination of Supervised Release– # 56) |
| STEVEN VO, | |
| Defendant. | |

Before the Court is Defendant Steven Vo's **Motion for Early Termination of Supervised Release** (#56, filed Jun 25, 2013). The Court has also considered the Government's Opposition (#58, filed August 8, 2013). For the reasons discussed below, the Court denies Defendant's Motion.

## BACKGROUND

On August 8, 2008, Defendant pled guilty to Money Laundering, in violation of 18 U.S.C. § 1956(a)(3), and Failure to File Currency Transaction Report, in violation of 31 U.S.C. §§ 5331(a) and 5332(a). Defendant was sentenced to thirty months imprisonment and to a three-year term of supervised release to follow. The Court also ordered Defendant to pay a $200.00 mandatory special assessment fee and restitution in the amount of $39,000.00.

Defendant began his supervised release term on May 13, 2011. He now requests early termination of his supervised release. In support, Defendant cites the facts that he took full responsibility for his actions at his sentencing, he has had no felony convictions prior to this

offense or criminal convictions subsequent to his imprisonment, he has complied with the terms of his supervised release, and "[s]ince serving his sentence, he has returned to his path of abiding the law and being a productive member of society." The Government and the Probation Office oppose early termination because Defendant has failed to abide by the repayment schedule for his restitution and a significant amount of that restitution remains outstanding.

## DISCUSSION

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1). The mechanism allows for courts "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a). *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). The Court considers the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) in determining whether early termination is justified. 18 U.S.C. § 3583(e).[1] The Defendant has the burden of showing that his early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

"Exceptionally good behavior" can constitute changed circumstances justifying early termination; however, it must be evidenced by more than mere compliance with the terms of supervised release. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). "Compliance is what is expected of a Defendant on supervised release; it does not in and of itself constitute an adequate basis to terminate supervised release early." *United States v. Carter*, No. CR-10-0363

---

[1] These factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the importance of rehabilitating the defendant, the kinds of sentences and the sentencing ranges available, any pertinent policy statement issued by the Sentencing Commission, the need to avoid sentencing disparities and the need to provide restitution to any victims to offenses.

AO 72
(Rev. 8/82)

SBA, 2013 WL 2255875, at *1 (N.D. Cal. May 22, 2013). To hold otherwise would allow the exception to swallow the rule. *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

Reviewing the relevant factors, the Court finds that Defendant has not provided adequate justification for terminating his supervised release early. Although Defendant's education, employment, and law abidance is commendable, these behaviors are what is expected of Defendant on his supervised release. Moreover, Defendant admits that he has not been consistent in making payments toward restitution and thus, he has not been in *full* compliance with the terms of his supervised release. Consequently, the Court congratulates Defendant on his achievements, but does not find that his actions represent the "exceptionally good behavior" contemplated as justifying early termination.

Additionally, "[t]he factors under § 3553(a) do not exclusively concern rehabilitation." *United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007). The nature of Defendant's offense was serious, and any sentence needs to properly deter criminal activity. Further, a substantial amount of Defendant's restitution remains to be paid. Consequently, other factors of § 3553(a) weigh against early termination. Accordingly, the Court finds that early termination of supervised release is not justified.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Steven Vo's Motion for Early Termination of Supervised Release (#56) is DENIED.

Dated: August 28, 2013.

                                                                    ROGER L. HUNT
                                                                    **United States District Judge**